UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS JR.,

    Plaintiff,

v.

UNITED STATES CONGRESS, et al.,

    Defendants.

Case No. C21-1121-JCC-SKV

REPORT AND RECOMMENDATION

Plaintiff John Demos, a bar-order litigant, presents to this Court for filing a document entitled: "Re-Apportionment & Boundary Blunders"/"Motion to Intervene by way of a Motion for Judicial Review[.]" Dkt. 1. He names as Defendants the U.S. Congress and State of Washington, and asserts Washington is not a state and his denial of equal access to voting due to Washington's reapportionment, redistricting, and gerrymandering. *See* Dkt. 1. Plaintiff did not apply to proceed *in forma pauperis* (IFP) or pay the filing fee, meaning his proposed action is improperly before this Court.

Even if Plaintiff had applied to proceed IFP, his application would be denied. Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State

REPORT AND RECOMMENDATION - 1

1  courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*,
2  *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In this Court, Plaintiff is permitted to submit only
3  three IFP applications and proposed actions each year. *See In re John Robert Demos*, No. C91-
4  269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert
5  Demos* (W.D. Wash. Dec. 15, 1982). *See also Demos v. Stanley*, MC97-0031-JLW (W.D. Wash.
6  Mar. 13, 1997) (providing for the return without filing of any petition that seeks an extraordinary
7  writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee).
8  Plaintiff must also, under 28 U.S.C. § 1915(g), demonstrate "imminent danger of serious
9  physical injury" to proceed IFP because he has had more than three prior actions dismissed as
10 frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW
11 (W.D. Wash. Aug. 23, 1999).

12      Plaintiff has already reached his yearly filing limit. *See, e.g.*, *Demos v. Pence, et al.*, No.
13 C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ
14 (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.). Nor does the
15 proposed complaint contain "a plausible allegation that [he] faced imminent danger of serious
16 physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007)
17 (internal citations omitted). He is therefore precluded from proceeding IFP in this action.

18      Further, even if Plaintiff had paid the filing fee, this action would still be subject to
19 dismissal. Pursuant to 28 U.S.C. § 1915A, the Court is required to review prisoner complaints
20 which "seek[] redress from a governmental entity or officer or employee of a government
21 entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to
22 state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant
23 who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443,

446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984). In this case, a review of Plaintiff's proposed complaint reveals, among other issues, that it is patently frivolous.

Based on the foregoing, the Court recommends this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 24, 2021.**

Dated this 2nd day of September, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3